UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA E. McKENZIE, | ) 1:07-cv-01003-SMS |
| | ) |
| Plaintiff, | ) DECISION AND ORDER ON SOCIAL |
| v. | ) SECURITY COMPLAINT (DOC. 1) |
| | ) |
| MICHAEL J. ASTRUE, | ) ORDER DIRECTING REMAND PURSUANT |
| COMMISSIONER OF SOCIAL | ) TO SENTENCE FOUR of 42 U.S.C. § |
| SECURITY, | ) 405(g) |
| | ) |
| Defendant. | ) ORDER DIRECTING THE CLERK TO |
| | ) ENTER JUDGMENT FOR PLAINTIFF |
| | ) PAMELA E. McKENZIE AND AGAINST |
| | DEFENDANT MICHAEL J. ASTRUE |

Plaintiff is represented by counsel and is proceeding with an action seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) and supplemental security income (SSI) benefits under Titles II and XVI of the Social Security Act (Act). Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this matter, including ordering the entry of final judgment.[1] The matter is

---

[1] District Judge Lawrence J. O'Neill reassigned the case for all purposes to the undersigned Magistrate Judge on August 7, 2007.

currently before the Court on the parties' briefs, which have been submitted without oral argument to the Honorable Sandra M. Snyder, United States Magistrate Judge.

I. <u>Procedural History</u>

On April 10, 2002, Plaintiff applied for DIB and SSI, alleging disability since February 15, 2002. (A.R. 97-97, 257-60, 18.) Plaintiff alleged that she had a slipped and deteriorated disk and bad nerves. (A.R. 95.) After Plaintiff's claim was denied initially and on reconsideration, a hearing was held, a decision issued from an Administrative Law Judge (ALJ) on August 25, 2005, and the Appeals Council eventually remanded the case for further proceedings. (A.R. 70-75, 411-12.) Plaintiff appeared with an attorney and testified at a supplemental video hearing held on April 16, 2007. (A.R. 18, 622.) On May 1, 2007, the ALJ denied Plaintiff's application for benefits. (<u>Id.</u> at 18-26.) After the Appeals Council denied Plaintiff's request for review on June 21, 2007, Plaintiff filed the complaint in this action on July 12, 2007. (<u>Id.</u> at 11-13.) Briefing commenced on April 10, 2008, and was completed with the filing on July 12, 2008, of Plaintiff's reply to Defendant's opposition.

II. <u>Scope and Standard of Review</u>

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, the Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," <u>Richardson v. Perales</u>, 402 U.S. 389, 402 (1971), but less than a

2

1  preponderance, Sorenson v. Weinberger, 514 F.2d 1112, 1119, n. 10
2  (9th Cir. 1975). It is "such relevant evidence as a reasonable
3  mind might accept as adequate to support a conclusion."
4  Richardson, 402 U.S. at 401. The Court must consider the record
5  as a whole, weighing both the evidence that supports and the
6  evidence that detracts from the Commissioner's conclusion; it may
7  not simply isolate a portion of evidence that supports the
8  decision. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir.
9  2006); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).
10 It is immaterial that the evidence would support a finding
11 contrary to that reached by the Commissioner; the determination
12 of the Commissioner as to a factual matter will stand if
13 supported by substantial evidence because it is the
14 Commissioner's job, and not the Court's, to resolve conflicts in
15 the evidence. Sorenson v. Weinberger, 514 F.2d 1112, 1119 (9th
16 Cir. 1975).

17      In weighing the evidence and making findings, the
18 Commissioner must apply the proper legal standards. Burkhart v.
19 Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must
20 review the whole record and uphold the Commissioner's
21 determination that the claimant is not disabled if the
22 Commissioner applied the proper legal standards, and if the
23 Commissioner's findings are supported by substantial evidence.
24 See, Sanchez v. Secretary of Health and Human Services, 812 F.2d
25 509, 510 (9th Cir. 1987); Jones v. Heckler, 760 F.2d at 995. If
26 the Court concludes that the ALJ did not use the proper legal
27 standard, the matter will be remanded to permit application of
28 the appropriate standard. Cooper v. Bowen, 885 F.2d 557, 561 (9th

Cir. 1987).

III. <u>Disability</u>

In order to qualify for benefits, a claimant must establish that she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 1382c(a)(3)(A). A claimant must demonstrate a physical or mental impairment of such severity that the claimant is not only unable to do the claimant's previous work, but cannot, considering age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. 1382c(a)(3)(B); <u>Quang Van Han v. Bowen</u>, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden of establishing a disability is initially on the claimant, who must prove that the claimant is unable to return to his or her former type of work; the burden then shifts to the Commissioner to identify other jobs that the claimant is capable of performing considering the claimant's residual functional capacity, as well as her age, education and last fifteen years of work experience. <u>Terry v. Sullivan</u>, 903 F.2d 1273, 1275 (9th Cir. 1990).

The regulations provide that the ALJ must make specific sequential determinations in the process of evaluating a disability: 1) whether the applicant engaged in substantial gainful activity since the alleged date of the onset of the impairment, 20 C.F.R. § 404.1520 (2007);[2] 2) whether solely on the

---

[2] All references are to the 2007 version of the Code of Federal Regulations unless otherwise noted.

basis of the medical evidence the claimed impairment is severe, that is, of a magnitude sufficient to limit significantly the individual's physical or mental ability to do basic work activities, 20 C.F.R. § 404.1520(c); 3) whether solely on the basis of medical evidence the impairment equals or exceeds in severity certain impairments described in Appendix I of the regulations, 20 C.F.R. § 404.1520(d); 4) whether the applicant has sufficient residual functional capacity, defined as what an individual can still do despite limitations, to perform the applicant's past work, 20 C.F.R. §§ 404.1520(e), 404.1545(a); and 5) whether on the basis of the applicant's age, education, work experience, and residual functional capacity, the applicant can perform any other gainful and substantial work within the economy, 20 C.F.R. § 404.1520(f).

With respect to SSI, the five-step evaluation process is essentially the same. See 20 C.F.R. § 416.920.

Here, the ALJ concluded that Plaintiff's severe impairments of degenerative disk disease, left ulnar nerve injury, and dysthymia did not meet or medically equal a listed impairment; Plaintiff had the residual functional capacity (RFC) to lift and carry twenty pounds occasionally and ten pounds frequently; sit, stand, and/or walk six hours each in an eight-hour work day with only occasional stooping, crouching, kneeling, crawling, climbing ladders, ropes, or scaffolds, balancing, handling, feeling, and reaching overhead. She could perform simple, repetitive tasks, relate to and interact with others, maintain attention, concentration, persistence and pace, adhere to safety rules, and adapt to usual changes in work settings. (A.R. 21.) Plaintiff was

5

unable to perform her past relevant work, but as a younger individual born on May 3, 1959, with a limited education and ability to communicate in English, Plaintiff could perform jobs that existed in significant numbers in the national economy. (A.R. 25.)

### IV. Other Positions

In concluding at step five that Plaintiff could perform other jobs that existed in significant numbers in the national economy, the ALJ relied on the testimony of a vocational expert (VE), Mr. Jose Chaparro, to whose qualifications Plaintiff stipulated. (A.R. 646.) The VE testified that a person with Plaintiff's RFC could perform the requirements of a scaling machine operator, of which there were "probably about 100" positions in California and "perhaps" 1,000 nationally. (A.R. 26, 650-51.) The position was encountered in the canning and preserving industry. (Id.)

Plaintiff argues that the scaling machine operator positions did not exist in significant numbers in the region where Plaintiff lived, or in several other regions of the country; rather, the jobs were isolated jobs that existed in only very limited number in relatively few locations.

If a claimant cannot perform his past relevant work, the Commissioner has the burden of showing that there are jobs in significant numbers in the national economy which the claimant can perform consistent with the claimant's medically determinable impairments, functional limitations, age, education, and work experience. 42 U.S.C. §§ 423(d)(2) (disability), 1382c(a)(3) (SSI); Martinez v. Heckler, 807 F.2d 771, 773 (9th Cir. 1987).

6

"Work which exists in the national economy" within the meaning of the statute denotes work which exists in significant numbers either in the region where the person lives or in several regions of the country, and one is disabled if significant work exists regardless of whether such work exists in the immediate area in which the person lives, whether a specific job vacancy exists for the person, or whether the person would be hired if he applied for work. 42 U.S.C. § 423(d)(2), 1382c(3); 20 C.F.R. §§ 404.1566(b), 416.966(b). The regulations provide:

> Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where you live are not considered work which exists in the national economy. We will not deny you disability benefits on the basis of the existence of these kinds of jobs. If work that you can do does not exist in the national economy, we will determine that you are disabled. However, if work that you can do does exist in the national economy, we will determine that you are not disabled.

20 C.F.R. §§ 404.1566(b), 416.966(b).

It is the existence, and not the availability, of the jobs that is significant. Martinez, 807 F.2d at 774-75 (3,750 to 4,250 positions held sufficient).

Whether there are a significant number of jobs a claimant is able to perform with his limitations is a question of fact to be determined by a judicial officer. Martinez, 807 F.2d at 775.

In Barker v. Secretary of Health and Human Services, 882 F.2d 1474, 1478-79 (9th Cir. 1989), it was held that a vocational expert's testimony that Plaintiff could perform about one-third of 1,000 hospital laundry worker jobs and 900 garment sorter jobs

7

in the local economy, amounting to about 2,466 jobs with none excluded by the claimant's limitations, was sufficient evidence to support the finding that significant positions existed. The court noted that the Eighth Circuit had held that as few as 500 jobs were significant in Jenkins v. Bowen, 861 F.2d 1083, 1987 (9th Cir. 1988), and other courts, including this Court, had rendered consistent decisions holding sufficient 600 positions, Salazar v. Califano, Unemp. Ins. Rep. (CCH para. 15, 835) (E.D.Cal. 1978), and thirty to forty per cent of 500 to 600 relevant positions, Uravitch v. Heckler, CIV-84-1619-PHX-PGR, slip op. (D.Az. May 2, 1986); however, the Ninth Circuit had never clearly established any particular minimum number of jobs necessary to constitute a "significant number." Barker, 882 F.2d at 1478-79. It is not necessary to consider the number of jobs in the context of the geographical area at issue or light of the population of the area; the fact that the number of jobs is a small percentage of the total jobs is immaterial. Barker, 882 F.2d at 1479. It has been held that very rare, scarce positions involving stenciling and machine packaging were insufficient because they represented only isolated jobs. Walker v. Mathews, 546 F.2d 814, 820 (9th Cir. 1976). Four of five taxicab dispatcher positions in the area where the claimant lived and four to five thousand in the national economy, all of which would have been very difficult for the claimant to perform, along with hundreds of cashier jobs locally and hundreds of thousands nationally, of which the claimant could perform only a few positions, were held to be rare in DeLorme v. Sullivan, 924 F.2d 841, 851 (9th Cir. 1991), and greater detail with respect to the effective

8

limitations imposed by impairments on performing the positions was to be elicited on remand.

Deference has been accorded to the administrative finder of fact in cases involving low numbers in other circuits, including Trimiar v. Sullivan, 966 F.2d 1326, 1330 (10th Cir. 1992) (650 to 900 unskilled positions of escort driver, recreational facility attendant, and telephone solicitor in the state held sufficient), and Jenkins v. Bowen, 861 F.2d 1083, 1087 (8th Cir. 1988) (testimony by a VE that 500 sedentary security guard jobs would be available in the region held sufficient to establish a significant number of jobs).

Here, the VE was not certain that 100 positions in the entire state of California, or 1000 jobs nationally, even existed; rather, the VE testified only in terms of probabilities and possibilities. (A.R. 650-51.) The bare possibility of jobs does not constitute substantial evidence.

Further, there was no apparent consideration by the ALJ or the VE of the distribution of the very few positions that were thought to have been possible or probable; the only information given was that the position was related to the canning and preserving industry. (A.R. 650.) Given the pervasiveness of agricultural processing activity in this state, it appears that any probable 100 positions in California were isolated; further, considering the relatively small number of positions that "perhaps" existed nationally, it appears that any positions available nationally were also isolated instances. The only explanation of the limitations given by the VE was that they were required due to the combination of manipulative restrictions and

9

the need for simple, repetitive work. (A.R. 651-52.)

Due to the conjectural nature of the VE's testimony, the lack of any circumstantial context with respect to the positions, and the very low numbers both locally and nationally in the case before the Court, it is concluded that the record lacks the support of substantial evidence for the ALJ's conclusion that jobs existed in sufficient numbers in the national economy.

Accordingly, the Court concludes that the Commissioner did not carry its burden at step five. Because the VE testified that no other jobs were available to one with Plaintiff's RFC, it is clear that Plaintiff was disabled.

V. <u>Mental Impairment</u>

The ALJ found that Plaintiff had mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, moderate difficulties in maintaining concentration, persistence, or pace, and one or two episodes of decompensation. (A.R. 21.) However, the ALJ failed to include these limitations in the hypothetical questions posed to the VE. Plaintiff assigns this as error.

As Defendant notes, the ALJ is required to consider a claimant's mental impairments pursuant to a special technique set forth in the regulations for judging the severity of impairments and, ultimately, the medical equivalence of the impairment with a listed impairment. This technique involves evaluating the degree of functional limitations in four broad functional areas, namely, activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. 20 C.F.R. §§ 404.1520a, 416.920a. However, it is not necessary for an ALJ

10

who finds limitations in these functional areas to include them in the RFC ultimately determined for a claimant. The step-two determination of whether or not an impairment is severe is merely a threshold determination of whether the claimant is able to perform past work; it only raises a prima facie case of disability. Hoopai v. Astrue, 499 F.3d 1071, 1076 (9th Cir. 2007). The criteria identified there are not used at steps 4 and 5 of the sequential analysis relating to RFC, but rather are used to rate the severity of mental impairments at the earlier analytical steps 2 and 3. 20 C.F.R. §§ 404.1520a, 416.920a; Soc. Sec. Ruling 96-8p p. 4.

With respect to the limitations propounded to the VE here, the ALJ propounded all the limitations contained in the RFC found by the ALJ, namely, exertional capacity to lift twenty pounds occasionally and ten pounds frequently; stand, walk, and sit six hours each; occasionally climb ropes, ladders, and scaffolds; occasionally balance, stoop, kneel, crouch, crawl, reach overhead, and handle and feel;[3] perform simple, repetitive tasks; maintain concentration, persistence, and pace; adapt to usual changes in the work schedule, engage in safety rules, and relate to and interact with others; and, in the second hypothetical, to interact with the general public only occasionally. (A.R. 648-50, 21.) It therefore appears that all necessary components of the residual functional capacity were set forth in the hypothetical.

The Court notes that Plaintiff does not argue that the RFC reached by the ALJ was not supported by substantial evidence or

---

[3] It is assumed that the inaudible portion of the hypothetical question related to occasional handling and feeling. (A.R. 649, 650-51.)

11

was arrived at by the application of incorrect legal standards. Plaintiff does not summarize the medical evidence or mount a factually based argument concerning the insufficiency of the evidence to support the RFC. Accordingly, the Court does not undertake such an analysis and concludes that in addressing Plaintiff's arguments, it is sufficient to note the distinction between the severity analysis, on the one hand, and the components of the RFC determination and the propounding of those to the VE, on the other.

VI. Disposition

In summary, the based on the foregoing, the Court concludes that the ALJ's decision was not supported by substantial evidence in the record as a whole and was not based on proper legal standards.

It is the Plaintiff's burden to prove the onset date of disability. Morgan v. Sullivan, 945 F.2d 1079, 1080 (9th Cir. 1991) (disability insurance benefits). With respect to SSI, because SSI payments are made beginning with the date of application, the onset date in an SSI case is ordinarily established as of the date of filing, provided that the claimant was disabled on that date. Soc. Sec. Ruling 83-20. Exceptions are where the evidence shows that the onset date was subsequent to the date of filing, or where there is a problem requiring ascertainment of duration. Id.

Here, Plaintiff filed her application for DIB and SSI on April 2002; the medical evidence summarized in the ALJ's decision covered the time period from 2002 through 2006. It is not clear what the date of onset was. However, in all other respects, the

tasks of the administrative fact finder are complete. <u>See</u>, <u>Regennitter v. Commissioner of Social Security Administration</u>, 166 F.3d 1294, 1300 (9th Cir. 1999).

Accordingly, it IS ORDERED that

1. Plaintiff's social security complaint IS GRANTED, and

2. The matter IS REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings to consist of an award of benefits, and for determination of the sole issue of when the date of onset of Plaintiff's disability was; and

3. Judgment BE ENTERED for Plaintiff Pamela E. McKenzie and against Defendant Michael J. Astrue.

IT IS SO ORDERED.

**Dated:   October 7, 2008**                    **/s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE